UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-0142-CVE |
| ) | |
| KYLE EDWIN FREEMAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On August 7, 2020, a grand jury returned an indictment charging defendant with murder in the first degree in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 1111. Dkt. # 12. Before the Court are defendant's motions in limine (Dkt. ## 33, 34), and plaintiff's responses thereto (Dkt. ## 37, 38).

**I. BACKGROUND**

On July 31, 2020, the Tulsa Police Department received a 911 call regarding an assault in an apartment on East Admirable Boulevard in Tulsa, Oklahoma. Upon arrival, the Tulsa Police officers found Donald Lee Thomas (deceased) dead on the living room couch. Dkt. # 37, at 1. He appeared to have suffered blunt force trauma to the head. Id. There was blood on the walls behind and near the deceased's body. Id. at 2. "At least one witness reported that [an] argument," presumably between defendant and the deceased "had apparently been over for approximately ten minutes when [defendant] suddenly used a 'water key' or large re-bar to repeatedly strike the victim in the head." Id.

Plaintiff asserts that:

Tulsa Police Detective Leatherman later interviewed [defendant] after advising him of his Miranda rights. [Defendant] stated the victim threatened [defendant] with a gun while in the victim's bedroom. [Defendant] stated he struck Thomas in the head when Thomas threatened him while in the bedroom. [Defendant] said he struck Thomas with what could have been a water key. During his interview, [defendant] also gave multiple reasons for why he and the victim had initially argued and explained some of his actions that night by referring to his time in custody (e.g., "I've been to the Pen; he hasn't", "I've been in the Pen . . . . not going to let no one bigger stop me.").

Id.

The parties disagree as to the admissibility of defendant's three prior convictions, dated February 23, 2018:

1. Child Endangerment by Driving Under the Influence (Case No. CF-2016-407, Creek County);

2. Assault and Battery with a Dangerous Weapon (Case No. CF-2016-431, Creek County); and

3. Child Abuse by Injury (Case No. CF-2017-460, Creek County).

## II. DEFENDANT'S FIRST MOTION IN LIMINE

In his first motion in limine (Dkt. # 33), defendant asks the court for an order "prohibiting [plaintiff] from introducing into evidence during its case-in-chief any testimony or physical evidence concerning his prior criminal history." Dkt. # 33, at 1. In support, defendant argues that under Fed. R. Evid. 404(b)(1), defendant's "prior criminal charges are not similar in nature to the crime to which he currently stands accused and is not relevant to any issue other than to his character" id. at

2

2, and "there is no apparent evidentiary value of the testimony of prior arrests or convictions except to prejudice the jury and prove character and demonstrate action in conformity therewith." Id. at 3.

In its response to defendant's motion (Dkt. # 37), plaintiff agrees not to use defendant's child endangerment by DUI charge in its case-in-chief. Dkt. # 37, at 3. Plaintiff, however, does state that it intends to offer into evidence defendant's own statements, made to law enforcement, that defendant had been in "the Pen." Id. at 4.

In its Rule 404(b) notice (Dkt. # 41), plaintiff also agrees not to use defendant's other prior convictions of assault and battery with a dangerous weapon and child abuse by injury in its case-in-chief. Dkt. # 41, at 1. The rest of plaintiff's notice states that plaintiff intends to introduce evidence as to the altercation defendant had with his girlfriend that preceded defendant's altercation with the victim. Plaintiff argues that such evidence is intrinsic, and thus not subject to Rule 404(b).[1] Id. at 3-4. Plaintiff alternatively argues that, even if the Court were to consider such evidence to be extrinsic, it would be admissible under Rule 404(b), as the altercation is relevant to demonstrate defendant's motive. Id. at 5-7.

In light of the parties' pleadings, defendant's motion to exclude "evidence concerning [defendant's] prior criminal history" in plaintiff's case-in-chief (Dkt. # 33), is granted by agreement. Additionally, to the extent plaintiff intends to introduce defendant's own statements made to law enforcement, such statements are admissible for their truth under Fed. R. Evid. 801(d)(2).

---

[1] Subject to evidence to the contrary at trial, the Court deems the altercation defendant had with his girlfriend earlier that day or evening to be intrinsic to the crime charged, but would also be admissible to show motive.

### III. DEFENDANT'S SECOND MOTION IN LIMINE

In his second motion in limine (Dkt. # 34), defendant asks the court for an order prohibiting the use of defendant's prior convictions for impeachment purposes. Defendant argues that, as defendant is likely to take the stand, plaintiff should not be allowed to use defendant's prior criminal convictions to impeach him under Fed. R. Evid. 609(a)(1)(B).

In response, plaintiff states that defendant's credibility is a central issue in this case, as defendant intends to take the stand to testify that he was acting in self-defense. Plaintiff states this contention is not supported by any other eye-witness accounts. Dkt. # 38, at 3. Plaintiff argues that each of the crimes should be admissible for the purposes of impeachment.

The Tenth Circuit "has long permitted the government to impeach the testimony of a criminal defendant who takes the witness stand in the same manner as any other witness, including reference to prior convictions." United States v. Haslip, 160 F.3d 649, 654 (10th Cir. 1998). Under Fed. R. Evid. 609(a)(1)(B), evidence of a felony conviction may be used to impeach a criminal defendant if the probative value of the evidence outweighs its prejudicial effect. The scope of impeachment under Rule 609(a) is limited to "the essential facts of convictions, the nature of the crimes, and the punishment," and the defendant may not be cross-examined about the details of his prior convictions. United States v. Commanche, 577 F.3d 1261, 1271 (10th Cir. 2009).

"The Tenth Circuit has identified five factors that should be considered before a criminal defendant is impeached with evidence of his prior convictions: (1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of defendant's credibility at trial." United States v. Smalls, 752 F.3d

1227, 1240 (10th Cir. 2014).

Plaintiff seeks to impeach defendant with the following convictions dated February 23, 2018: assault and battery with a dangerous weapon (Case No. CF-2016-431, Creek County); child endangerment by driving under the influence (DUI) (Case No. CF-2016-407, Creek County); and child abuse by injury (Case No. CF-2017-460, Creek County).

### A. Consideration of the Smalls Factors

#### 1. Impeachment value

In evaluating the first factor, the impeachment value of the defendant's prior crimes, a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility. "Crimes of violence generally have lower probative value in weighing credibility." United States v. Jessamy, 464 F. Supp. 3d 671, 676 (M.D. Pa. 2020); see also Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967); Furtado v. Bishop, 604 F.2d 80, 93–94 (1st Cir. 1979) (finding convictions for armed robbery, burning a building, and assault and battery were "not particularly probative of credibility"). However, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." United States v. Verner, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016))[2] (citing United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir. 1977)).

Plaintiff presents no argument as to the specific impeachment value of any of defendant's prior convictions. Defendant argues that there is no discernable impeachment value that weighs in

---

[2] This and other unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

favor of admitting any of defendant's prior convictions, as none involve dishonesty. Dkt. # 34, at 3.

Assault and battery with a dangerous weapon and child abuse by injury are both crimes of violence that do not bear directly on defendant's truthfulness. See, e.g., United States v. Trejo, No. 18-CR-1243 RB, 2018 WL 4773106, at *2 (D.N.M. Oct. 2, 2018). As a result, this factor weighs against admission of these prior convictions. Similarly, defendant's child endangerment by DUI conviction is not directly relevant to defendant's character for truthfulness. See, e.g., United States v. Edwards, 156 F. App'x 954, 956 (9th Cir. 2005); see also Kloeckner v. Perez, No. 4:09CV00804 ERW, 2014 WL 4912129, at *5 (E.D. Mo. Sept. 30, 2014) (finding DUI convictions are not probative to the issue of truthfulness). In light of the above, the first factor weighs against admission of the prior convictions.

## 2. Temporal Proximity

When evaluating the second factor, the Court considers the temporal proximity of defendant's prior convictions. "Convictions more than ten years old are presumptively excluded . . ." United States v. Caldwell, 760 F.3d 267, 287 (3d Cir. 2014). When a conviction occurred within the ten year time frame "the passage of a shorter period can still reduce [a prior conviction's] probative value." Id. (quoting Wright & Gold, Federal Practice and Procedure § 6134, at 258). "[A] prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." Id.

Here, defendant was convicted of all three crimes on February 23, 2018. Defendant appears to have been released from custody in 2019. Defendant was detained in this case on July 31, 2020. It appears that, although defendant was convicted of his crimes approximately three years ago, he has been in custody for a large portion of the intervening time. Additionally, the convictions are recent enough that they are not irrelevant to defendant's current character. As a result, this factor weighs in favor of admissibility.

### 3. Similarity to Charged Crime

The third factor, which compares the similarity of the current charged crime to the prior conviction, weighs against admitting the prior conviction for impeachment if the crimes are similar. Caldwell, 760 F.3d at 288. The greater the similarity of the charged crime to past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility. See id; see also United States v. Chaco, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged."); United States v. Willis, No. 14-CR-64-JED, 2014 WL 2589475, at *2 (N.D. Okla. June 10, 2014) (same).

In this case, defendant's conviction for assault and battery with a dangerous weapon is likely to be prejudicial if introduced for the purposes of impeachment. Plaintiff seeks to introduce the fact that defendant assaulted and battered another person with a dangerous weapon, which is extremely similar to the facts in the instant case, wherein plaintiff alleges defendant bludgeoned the deceased with a water-key (i.e., assaulted and battered him with a dangerous weapon). The jury is not likely to utilize such a conviction purely for impeachment purposes where the facts of that crime are so similar to the facts in the instant case. It is far more likely that the introduction of the prior conviction

will cause the jury to believe defendant has a propensity to commit violent acts with dangerous weapons. As a result, this factor weighs against admitting the conviction for assault and battery with a dangerous weapon.

Defendant's conviction for child abuse by injury is a closer call with respect to the similarity of the offense to the crime charged. While child abuse is similar in the sense that it tends to show defendant's propensity for violence, without the facts of the incident, the extent of the similarity is difficult to determine. As plaintiff did not attempt to demonstrate the extent to which the crimes are dissimilar, the Court finds that this factor weighs against admission.

Child endangerment by DUI, by contrast, is not sufficiently similar to murder in the first degree to create prejudicial inferences as to defendant's propensity for violence. Accordingly, this factor weighs in favor of admission.

### 4. Importance of Defendant's Testimony

In considering the fourth factor, the importance of defendant's testimony, the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense. See United States v. Cueto, 506 F. Supp. 9, 14 (W.D. Okla. 1979); see also Anna Roberts, Reclaiming the Importance of the Defendant's Testimony: Prior Conviction Impeachment and the Fight Against Implicit Stereotyping, 83 U. Chi. L. Rev. 835, 837 (2016). If the information underlying the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction.

Defendant's testimony is central to his defense. Plaintiff asserts that defendant, and only defendant, claims he acted in self defense. Therefore, the Court must examine the extent of the actual prejudice to which defendant will be subjected should impeachment by prior convictions be

allowed. In this case, two of defendant's convictions are for crimes involving children. Courts have held that crimes against children have the strong potential to interfere with the jurors' perception of defendant in a manner that is unrelated to credibility. See, e.g., Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Lab'ys, No. C 11-4017-MWB, 2013 WL 12140998, at *7 (N.D. Iowa Aug. 13, 2013) (finding that "[t]he specific details of [a child endangerment] conviction are precisely the sort of information that is likely to provoke a jury to make a decision about [defendant's] credibility on an improper, emotional basis . . ."). As a result, the Court finds admission of information about crimes relating to children are likely to keep defendant from taking the stand due to their highly prejudicial effect.

Defendant's conviction for assault and battery with a dangerous weapon is not as inherently prejudicial; however, the Court notes that the issues of the similarity of the crime to the one charged are likely to cause defendant to hesitate to take the stand as well, in an effort to avoid the undue prejudice to which he might be subjected.

### 5. Centrality of Defendant's Credibility

The final factor, the centrality of defendant's credibility at trial, weighs against admissibility where defendant's anticipated testimony will not be central to a jury determination–e.g. where it is corroborated by other sources. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." Caldwell, 760 F.3d at 288 (quoting Wright & Gold, Federal Practice and Procedure § 6134, at 256); see also Jessamy, 464 F. Supp. 3d at 676–77.

As the defendant is purportedly the only person who will testify that he was acting in self-defense after being attacked or threatened by the deceased, credibility in his case is paramount. This

9

factor weighs in favor of admission of defendant's prior convictions.

### B. Rule 609(a)(1)(B) Balancing

By the numbers, the Smalls factors i) weigh in favor of prohibiting the admission of defendant's conviction of child abuse, ii) are evenly matched as to whether to admit defendant's conviction for assault and battery with a dangerous weapon, and iii) weigh in favor admitting defendant's child endangerment conviction. However, this discounts that certain factors, such as the prejudicial nature of the crime, and the impeachment value of the crime, are more important than others, such as temporal proximity. In light of that fact, and for the reasons below, the Court finds that none of defendant's prior convictions should be admissible for the purposes of impeachment.

Under Fed. R. Evid. 609(a)(1)(B), evidence of a felony conviction may be used to impeach a criminal defendant if the probative value of the evidence outweighs its prejudicial effect. As a result, after the court has reviewed the five factors set forth in Smalls, that must be the dominant inquiry that governs the analysis. After reviewing the Smalls factors, the Court finds that the conviction for assault and battery with a dangerous weapon is highly similar to the crime plaintiff alleges occurred in this case (i.e., defendant bludgeoned the deceased to death with a "water-key" or re-bar). It is highly likely that the jury will use defendant's assault and battery with a dangerous weapon conviction to infer criminal propensity for inflicting violence by means of a dangerous weapon. It is much less likely that the jurors will find the defendant's assault and battery with a dangerous weapon conviction is relevant to defendant's truthfulness or credibility. Given those facts, the potential prejudicial effect is not outweighed by the probative value.

In a similar vein, defendant's child abuse by injury and child endangerment convictions are highly likely to inflame the jury, creating a substantial prejudicial effect. Further, they are likely to

have minimal to no probative value because the elements of those crimes also do not go to defendant's truthfulness.

Although defendant's convictions were relatively recent in time, Rule 609(a)(1)(B), like Rule 404(b), "reflects the revered and longstanding policy that, under our system of justice, an accused is tried for what he did, not who he is." Caldwell, 760 F.3d at 276. As the potential for prejudice is high for all three convictions, and the probative value is neutral or low, plaintiff will not be allowed to impeach defendant utilizing his prior convictions. Accordingly, defendant's motion in limine as to the use of prior convictions to impeach (Dkt. # 34) is granted.

However, the Court notes that this ruling does not restrict plaintiff from cross-examining defendant about such convictions should defendant open the door to them while testifying at trial. "A defendant has no right to avoid cross-examination into the truth of his direct examination, even as to matters not related to the merits of the charges against him." United States v. Payton, 159 F.3d 49, 58 (2d Cir. 1998). "Where a defendant testifies on direct about a specific fact, the prosecution is entitled to prove on cross-examination that he lied as to that fact." United States v. Beverly, 5 F.3d 633, 639–40 (2d Cir. 1993); see also United States v. Mesbahuddin, 10–CR–726, 2011 WL 3841385, at *2 (E.D.N.Y. Aug. 26, 2011) (Garaufis, J.) (allowing plaintiff to cross-examine defendant regarding the "underlying facts" of a prior conviction where defendant opened the door by testifying "in a manner that contradicts his criminal history"). Accordingly, to the extent defendant testifies in a manner that contradicts the facts of his previous convictions and thereby "opens the door," plaintiff is permitted to cross-examine defendant regarding those facts.

**IT IS THEREFORE ORDERED** that defendant's motion in limine (Dkt. # 33) is **granted** by agreement, and defendant's motion in limine (Dkt. # 34) is **granted**.

**DATED** this 2nd day of June, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE