UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-0142-CVE |
| ) | |
| KYLE EDWIN FREEMAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On May 27, 2021, plaintiff submitted a request (Dkt. # 45) that the Court inquire into any potential conflicts of interest that may exist should Attorney William Widell continue to represent defendant Kyle Edwin Freeman. On June 2, 2021, the Court conducted that inquiry in open court during the pretrial conference.

The inquiry established that Mr. Widell had been appointed to represent Arnold Dean Howell, Jr., who is on trial for an unrelated 2015 murder, approximately a month after he had been appointed to represent defendant Freeman. See United States v. Arnold Dean Howell, Jr., Case No. 21-CR-121-JFH ("Howell case"). Both parties represented that, at some point in the investigation of the Howell case, it became evident that defendant Freeman is defendant Howell's half-brother and that he was somehow involved in the events leading up to and following the murder for which defendant Howell is on trial.

During the Court's inquiry, plaintiff represented that it believed defendant may be a material witness in the Howell case. Plaintiff further represented that it believed it could not offer defendant Freeman any form of cooperation agreement for his testimony in the Howell case because it believed Mr. Widell could not advise defendant in this case without breaching his duty of loyalty to defendant

Howell. It became clear to the Court that, although plaintiff had not offered any cooperation agreement to defendant Freeman (and had not represented that it would do so), it also believed that it could not approach defendant Freeman because of Mr. Widell's representation of both defendants. Mr. Widell represented that if there was a "real interest" in cooperation by Freeman with plaintiff, Mr. Widell believed there would be a conflict. However, he indicated that there did not appear to be real interest in such cooperation. He further stated that defendant had a right to counsel of his choosing, and that defendant Freeman would need to be informed of the possibility that new counsel could be from out-of-state with limited access to defendant, prior to agreeing to Mr. Widell's withdrawal.

The Court then questioned defendant directly. Defendant represented he was not interested in any offer from plaintiff, and did not want the opportunity to have one presented. He further stated that he did not have any issue with defense counsel's continued representation. The parties then discussed whether waiver was a possibility, given the current potential conflict.

On June 3, 2021, Mr. Widell filed a motion to withdraw as counsel in the Howell case. Motion to Withdraw as Attorney of Record, Case No. 21-CR-121-JFH, Dkt. # 48. That same day, this Court issued a minute order stating that, after granting the motion for inquiry and conducting the inquiry, it did not have before it any motion to disqualify counsel. The Court stated that if plaintiff wished to file any such motion, plaintiff should do so by June 4, 2021. Dkt. # 50. The Court directed defendant to respond by June 7, 2021. Id. Plaintiff filed its motion to disqualify counsel (Dkt. # 51) in this case on June 4, 2021, per the Court's minute order. Defendant filed a response (Dkt. # 52) on June 7, 2021.

Defendant's case is set to be tried in less than 14 days; however, on June 4, 2021, plaintiff challenged the propriety of defendant's representation in its motion to disqualify counsel. Plaintiff argues that Mr. Widell cannot entertain offers of cooperation for defendant Freeman while he still maintains an attorney-client relationship with defendant Howell, or even after he ends such a relationship.

In his response, defendant maintains there is no conflict and does not see a need for defense counsel to withdraw. In defendant's response, he states that plaintiff's representation that it doesn't believe it can give defendant an offer because of Mr. Widell's presence, does not create an actual conflict. Dkt. # 52, at 2. Defense counsel further argues that he does not believe any information defendant Freeman has will materially assist plaintiff in its prosecution of defendant Howell. Id. Finally, defense counsel states that a waiver of such a conflict is possible. Id. at 3.

Neither defendant nor plaintiff cites to a case that is dispositive of any of these issues. Further, on June 3, 2021, defense counsel filed motion to withdraw in the Howell case, a case in which defendant may be called as a witness. That motion is currently pending, and defense counsel contends that the resolution of that motion may resolve potential conflicts in this case.

In light of the above, defendant's representation is impacted by conflict issues that were only recently brought before the Court, and those are potentially about to change yet again, given the pending motion to withdraw in the Howell case. The Court requires adequate time to resolve the pending issues relating to defense counsel, especially considering that Mr. Widell's representation in the Howell case is currently under review. Such a continuance will allow the Court to determine whether defendant is receiving adequate, conflict-free representation, or whether appointment of new

counsel is required to adequately protect defendant's rights. The Court notes that, under § 3161(h)(1)(D) of the Speedy Trial Act, delay "from the filing of the motion through the . . . prompt disposition of, such motion" shall be excluded "in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h)(1)(D). Consequently, the Court shall continue this trial to the July trailing docket to allow time for the consideration of issues relating to defendant's representation.

**IT IS THEREFORE ORDERED** that the jury trial set for June 21, 2021 is **stricken**. The jury trial set for June 21, 2021, is **continued to July 12, 2021 trailing docket**.

**DATED** this 8th day of June, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE